UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, BENNY UMBRA, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, THOMAS CORBETT, and DENISE RICHARDSON, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

Docket No.: 14-CV-

                Plaintiffs,

      -against-

ISLAND FOUNDATIONS CORP.,

                Defendant.
------------------------------------------------------------------------x

## COMPLAINT

Plaintiffs, THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, BENNY UMBRA, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, THOMAS CORBETT, and DENISE RICHARDSON, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), for their Complaint allege as follows:

    1.    This is an action by the Board of Trustees, fiduciaries of the Funds, Taft-Hartley employee benefit plans, for monetary and injunctive relief pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145. This action seeks to collect delinquent contributions and various other amounts owed by Island Foundations Corp. to the Funds and to compel Island Foundations

1

Corp. ("Island" or the "Employer") to submit the required remittance reports to the Funds and otherwise comply with the obligations of a collective bargaining agreement and the Funds' trust agreements.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f) and 1145.

3. Venue lies in the Eastern District of New York pursuant to 29 U.S.C. §1132(e)(2), as the Funds are administered in the Eastern District of New York. The Funds offices are 2500 Marcus Avenue, Lake Success, New York.

4. The Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

5. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of 29 U.S.C. §1002(3) and §1002(37).  The Funds are jointly administered by a Board of Trustees comprised of an equal number of labor and management representatives as required by Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

6. Pursuant to the terms of collective bargaining agreements between Local 282, International Brotherhood of Teamsters ("Local 282" or the "Union") and various employers (the "Employers"), the Employers, including Island, are required to contribute to the Funds on behalf of workers covered by the collective bargaining agreements. By letter dated June, 2005 the General Contractors Association of New York, Inc. ("GCA"), a multiemployer collective bargaining association which has negotiated a series of collective bargaining agreements with Local 282 which require contributions to the Funds, notified Local 282 Island Foundations Corp.

had authorized the GCA "to execute on their behalf, collective bargaining agreements with your local union." The GCA, upon information and belief, has negotiated successor collective bargaining agreements requiring contributions to the Funds by Island Foundations Corp. since 2005 through the present and are therefore bound by the collective bargaining agreements for heavy construction and excavation entered by the GCA and Local 282 since June 7, 2005.

7. The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries.

8. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

9. Upon information and belief, Island was and is a New York domestic business corporation. Upon information and belief, Island is, and at all times relevant to this action has been, located at 84 Winant Place, Staten Island, NY 10309. Island is, and at all times relevant to this action has been, engaged in the construction business within the State of New York. Island is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Article I, Section 1 of the Trust Agreement.

10. The Employer has at all times relevant to this action been bound to collective bargaining agreements with the Union.

11. At all times relevant to this action, the CBA has required the Employer to make contributions to the Funds on behalf of its employees who are covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

12. Along with the contributions, the Employer is also required to submit remittance reports to the Funds. The remittance reports provide the Employer's statement of the employees who performed work covered by the CBA and the number of hours each such employee worked in covered employment. The CBA provides that the Employer is bound to the Trust Agreement.

13. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for: (i) The delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment[1]; (iii) an amount equal to the greater of (a) interest on the delinquent contributions; or (b) liquidated damages of 20 percent of the delinquent contributions; and (iv) the Funds' attorney's fees and costs.

14. The Employer has failed to submit remittance reports and contribute to the Funds fringe benefit contributions that are due and owing since at least November 2013.

15. By letters dated September 6, 2013 and November 12, 2013, May 15, 2014, June 3, 2014, June 12, 2014 and July 11, 2014 the Funds, through counsel, have attempted to obtain the missing reports and contributions.

16. The Employer paid contributions late for the periods of January 2012, February 2012, March 2012, May 2012, July 2012, January 2013, February 2013, and March 2013 through October 2013.

17. Article IX, Section 3 of the Trust Agreement provides that the failure to promptly remit contributions due constitutes a violation of the CBA and Trust Agreement. Article IX, Section 3 further provides that in such instance, the Employer is obligated to remit interest,

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

4

liquidated damages, and attorney's fees and costs. The total interest, liquidated damages and attorneys' fee claim through July 11, 2014 is $48,991.68 and continues to increase daily.

18. By letters dated June 18, 2013, August 27, 2013 and November 12, 2013, Funds' counsel requested payment from the Employer for interest, liquidated damages, and attorneys' fees and costs due on the late contributions.

19. To date, the Employer has failed to pay the interest, liquidated damages, and attorneys' fees and costs due on the late paid contributions in an amount to be determined at trial but in no event less than Forty Eight Thousand Nine Hundred Ninety One Dollars and Sixty Eight Cents ($48,991.68).

20. The Trust Agreement requires an Employer to submit remittance reports along with each payment to the Funds. These reports set forth the Employer's self-reported statement identifying the Employer's workers who are covered by the CBA, the number of hours worked by said covered workers, and the Employer's contribution obligation to the Funds.

21. The Trust Agreement requires an Employer to submit to periodic audits of its relevant books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds."

22. The Trust Agreement requires an Employer to submit to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds and that covered workers are receiving the required benefits and/or credits.

23. Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust

Agreement to pay interest on the monies due, liquidated damages, attorneys' fees, audit fees, filing fees, and costs. Pursuant to Article IX, Section 3 interest for contribution obligations that accrue is calculated at the rate of 1-1/2 percent per month. Interest is payable from the date the contributions were due to the date when payment is received.

24. The Funds' auditors reviewed the pertinent books and records of Island and completed Audit #12-0244 for the period from March 1, 2010 through March 27, 2011 and Audit 13-0333 for the period March 28, 2011 through May 27, 2012.

25. Audit #12-0244 states the Employer owes $1,606.46 in unpaid contributions, $171.17 in interest through September 2, 2011[2] and audit fees of $1,401.00.

26. Audit #13-0333-A1 states the Employer owes $3,085.78 in unpaid contributions and interest through May 27, 2012[3] of $1,281.89 and audit fees of $1,221.80. By letters dated June 8, 2012 and April 30, 2013 the Funds sought payment from the Employer for the audits.

27. By letters dated August 27, 2013, May 15, 2014 and June 3, 2014 the Funds' counsel sought payment from the Employer for the audits. By most recent letter dated July 11, 2014 the Funds' counsel advised the Defendant it had failed to submit contributions and remittance reports for the months of November 2013 through March 2014.

28. To date, Audit #12-0244 and Audit #13-0333-A1 remain unpaid, the audit fees remain unpaid, and the Defendant did not submit November or December 2013 remittance forms or contributions and the Defendant did not submit January, February and March 2014 remittance forms or contributions.

---

[2] Pursuant to the Trust Agreement interest continues to accrue through the date payment of the underlying contributions is made.
[3] Pursuant to the Trust Agreement interest continues to accrue through the date payment of the underlying contributions is made.

## AS AND FOR A FIRST CAUSE OF ACTION

29.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "28" as if fully set forth herein.

30.     Section 515 of ERISA, 29 U.S.C. §1145, requires that "[every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

31.     The Employer's failure to pay contributions, interest, liquidated damages, and attorneys' fees and costs owing to the Funds and to submit remittance reports violates the CBA and the Trust Agreement which is incorporated into the CBA, and thus gives rise to an action under ERISA Section 515.

32.     Section 502(g)(2) of ERISA, 29 U.S.C. §1 132(g)(2), mandates that in any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan:

(a) the unpaid contributions;

(b) interest on the unpaid contributions;

(c) an amount equal to the greater of

   (i) interest on the unpaid contributions or;

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions];

(d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

(e) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan.

33. The Pension Fund is entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, and attorneys' fees and costs in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "33" as if fully set forth herein..

35. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

36. By failing to pay the contributions and other amounts owed to the Pension Fund, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

37. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to the unpaid contributions, interest, liquidated damages, and attorneys' fees and costs.

38. No prior request for the instant relief has been made in this or any Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the Court enter judgment:

1. Ordering and enjoining the Employer to submit remittance reports for any months for which such reports have not been submitted as of the date judgment is entered; and

2.	Ordering the Employer to pay to the Funds (i) all delinquent contributions owed and/or estimated contributions as set forth in the Trust Agreement, including any delinquencies that accrued during the pendency of this action; (ii) interest on all delinquent and late-paid contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment; (iii) an amount of liquidated damages equal to the greater of (a) interest on the delinquent and late-paid contributions or (b) twenty (20%) percent of the delinquent and late paid contributions; and (v) the Funds' attorneys' fees, disbursements and costs; and for such other and further legal and equitable relief as the Court deems just and proper.

Dated: White Plains, New York
    July 21, 2014

> Yours, etc.,
> TRIVELLA & FORTE, LLP
>
> */s/ Christopher Smith*
> CHRISTOPHER SMITH (CS 9014)
> *Attorneys for the Plaintiffs*
> 1311 Mamaroneck Avenue, Suite 170
> White Plains, New York 10605
> Telephone No.:  (914) 949-9075
> Facsimile No.:  (914) 949-4752

To:	ISLAND FOUNDATIONS CORP.
	84 Winant Place
	Staten Island, NY 10309